UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LEONARD, MEL MENDIETA, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX FREIGHT, INC. and Does 1 through 50, inclusive,<br><br>Defendants. | No. 2:19-cv-00042-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

By way of this action, Plaintiffs Sean Leonard and Mel Mendieta (collectively "Plaintiffs") seek to recover from Defendant FedEx Freight, Inc. ("Defendant") for violations of California's wage and hour laws and for retaliation. Presently before the Court is Defendant's Motion for Judgment on the Pleadings ("Motion") (ECF No. 14) seeking to dismiss the union-retaliation claims on the basis that this Court lacks subject matter jurisdiction over those causes of action because they are preempted by the exclusive jurisdiction of the National Labor Relations Board ("NLRB"). For the following reasons, Defendant's Motion is GRANTED with leave to amend.[1]

///

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

Plaintiffs are currently employed as drivers at the Stockton FedEx terminal. Pls.' Compl, ECF No. 1-1, ¶ 17. In 2015, drivers—including Plaintiffs—selected a union, Teamsters Local 439, as their designated representative to negotiate terms and conditions of their employment with Defendant. Pls.' Compl. ¶ 17.

On January 11, 2018, a union representative from Teamsters Local 439 filed a Charge Against Employer through the NLRB as related to Plaintiffs' employment with Defendant.[2] Def's. MPA ISO MJOP, ECF 14-2, Ex. C. In the Basis for the Charge attached to the Charge Against Employer, Plaintiffs alleged discrimination and retaliation by Defendant including a refusal to implement an annual routine wage increase that was given to all other FedEx drivers as well as a "unilateral increase in health care costs to the bargaining unit." Def's. MPA ISO MJOP, ECF 14-2, Ex. C. The NLRB found against Plaintiffs and ultimately denied their subsequent appeal. Def's. MPA ISO MJOP, ECF 14-2, Ex. D–E.

In the present action, Plaintiffs claim that during their employment they were subjected to ongoing wrongful conduct including insufficient rest and meal breaks, unreimbursed expenses incurred to do their job, inaccurate wage statements, and untimely pay. Pls.' Compl. at ¶ 1. Plaintiffs further allege that after participating in the union, Defendant unlawfully retaliated against them and committed unfair business practices by withholding wage increases that were given to all other FedEx employees

---

[2] As a preliminary matter, this Court considers Defendant's RJN (ECF No. 14-1 at 3, n.1). Under Federal Rule of Evidence 201, a court may take judicial notice of matters which are "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Defendant asks the Court to take judicial notice of (1) Ex. A, Oct. 5, 2017 NLRB Charge; (2) Ex. B, Dec. 22, 2017 Withdrawal Approval; (3) Ex. C, Jan. 11, 2018 NLRB Charge; (4) Ex. D, Mar. 28, 2018 NLRB Dismissal Letter; and (5) Ex. E, June 28, 2018 Appeal Denial. These materials are a matter of public record and are not reasonably subject to dispute. See Anderson v. Holder, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (holding federal courts "may take judicial notice of records and reports of administrative bodies"); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding courts may take judicial notice to determine what issues were presented and litigated). Therefore, this Court may take judicial notice of Defendant's requested materials, and Defendant's RJN is GRANTED.

and by increasing healthcare costs for Stockton bargaining-unit members. Pls.' Compl. ¶¶ 17–18. Defendant now moves for judgment on the pleadings arguing that each of Plaintiffs' union-retaliation claims is preempted by the National Labor Relations Act and by the exclusive jurisdiction of the NLRB. Def.'s MPA ISO MJOP, ECF 14-1; see also Def.'s Not. of Mot. at 2.

**STANDARD**

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings. See, e.g., Westlands Water Dist. v. Bureau of Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).

A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'" Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

Although Rule 12(c) does not mention leave to amend, courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant

dismissal of the action instead of entry of judgment.  See Lonberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); Carmen v. S.F. Unified Sch. Dist., 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

**ANALYSIS**

The NLRB has exclusive jurisdiction over unfair labor practice actions under the National Labor Relations Act ("NLRA" or "the Act"), 29 U.S.C. § 151 et seq.  See generally San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959).  So-called "Garmon preemption" exists "when an activity is arguably subject to § 7 or § 8 of the Act."  Id. at 244-45.  In such a case, "the States as well as the federal courts must defer to the exclusive competence of the NLRB if the danger of state interference with National policy is to be averted."  Id.  The mere potential for conflict is sufficient to require preemption.  Id. at 246.  "The governing consideration is that to allow the State to control activities that are potentially subject to federal regulation involves too great a danger of conflict with national labor policy."  Id.

NLRA section 7 protects employees' rights to join labor unions, collectively bargain, and engage in other activities for purposes of mutual aid.  29 U.S.C. § 157. NLRA section 8 prevents employers from engaging in unfair labor practices or interfering with employees' rights to join labor unions and bargain collectively.  29 U.S.C. § 158(a)(1)–(3).  Examination of Plaintiffs' challenged causes of action reveals that they fall within the purview of these provisions.

According to Plaintiffs' Fifth Cause of Action for violation of Cal. Lab. Code §§ 921-923, "California Public Policy . . . prohibits employers from discriminating or retaliating against employees for their choice to either join a labor organization or to select a labor organization as the employees' designated representative to negotiate the employees' terms and conditions of employment."  Pls.' Compl., ECF 1-1, ¶¶ 44–46. Plaintiffs contend that "[t]his retaliation includes, but is not limited to, Defendant

4

withholding a cost of living wage increase from drivers at the Stockton location, which it provided to all other employees, and increasing the health care costs for drivers." Id., ¶ 45. Additionally, Plaintiffs allege in the Sixth Cause of Action a violation of Cal. Business & Professions Code § 17200 et seq. which prohibits acts of unfair competition, defined as an "unlawful, unfair, or fraudulent act or practice." Id., ¶ 49. Plaintiffs further contend that Defendants unlawfully "retaliate[d] against Plaintiff, and the members of Subclass B, for selecting Local 439 as their designated representative to negotiate the terms and conditions of their employment in violation of Labor Code sections 921-923, violate applicable California Labor Code sections, IWC Wage Orders, and other provisions of California common and/or statutory law." Id., ¶ 50.

These claims, which the Court is cognizant have also already been pursued before the NLRB in the first instance, are covered by the NLRA.[3] See Rhodes v. Adams & Assocs., Inc., No. 2:16-cv-00494-TLN-KJN, 2017 WL 3868414, at *3-4 (E.D. Cal. Sep. 5, 2017) ("Plaintiff's claim for retaliation based on union membership is preempted by NLRA."). Accordingly, Plaintiffs' state claims are subject to Garmon pre-emption and dismissal is proper.

Plaintiffs nonetheless contend that Defendant's motion should be denied under the so-called "local interest" exception, which applies when the conduct at issue is only a peripheral concern of the Act or touches on interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, it could not be inferred that Congress intended to deprive the State of the power to act. Local 926, Int'l Union of Operating Eng'rs v. Jones, 460 U.S. 669, 675-76 (1983); see also Garmon, 359 U.S. at 243–244. The local interest exception "involves a sensitive balancing of any harm to the regulatory scheme established by Congress, either in terms of negating the Board's exclusive jurisdiction or in terms of conflicting substantive rules, and the importance of the asserted cause of action to the State as a protection to its citizens."

---

[3] Defendant's request that the Court judicially notice the documents from the NLRB proceedings is GRANTED.

5

Local 926, 460 U.S. at 675–76; see Sears v. San Diego County District of Carpenters, 436 U.S. 180, 188–189 (1978); Farmer v. United Brotherhood of Carpenters & Joiners, 430 U.S. 290, 297 (1977). It tends to go to protect public interests unrelated to those covered by the NLRA. See, e.g., Garmon, 359 U.S. at 247 (protecting against "violence and imminent threats to public order"); Sears, 436 U.S. at 184 (protecting against trespass); Linn v. United Plant Guard Workers of America, Local 114, 383 U.S. 53, 61 (1966) (protecting against malicious libel). Under these authorities, broad union-retaliation claims such as those alleged here cannot qualify as "local interests" without the exception swallowing the rule. See Idaho Bldg. & Constr. Trades Council v. Inland Pac. Chptr. & Contrs., 801 F.3d 950, 966 (9th Cir. 2015) (local interest exception does not "extend to local interests in labor policy"). As such, Defendant's Motion is well taken, and Plaintiffs' Fifth Cause of Action in its entirety and Sixth Cause of Action to the extent it is based on a union retaliation theory, are DISMISSED with leave to amend.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings is GRANTED with leave to amend. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiffs may (but are not required to) file an amended complaint. If no amended complaint is filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: September 30, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

6