UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LEONARD, et al., | No. 2:19–cv–0042–MCE–KJN |
| Plaintiffs, | ORDER |
| v. | (ECF No 20) |
| FEDEX FREIGHT, INC., | |
| Defendant. | |

This case concerns Defendant FedEx's alleged violation of (A) certain California wage and hour laws and (B) claims of interference with the right to collective bargaining. (ECF No. 19.) Plaintiffs Leonard and Mendieta allege their claims on behalf of two subclasses of California truck drivers: (A) "all drivers employed by Defendant in California during the four years preceding the filing of this complaint to the present," and (B) "drivers who formed a bargaining unit at the FedEx Stockton location in 2015." (Id. at p. 7.) Due to multiple Rule 12 motions, no initial status conference has been set and discovery has yet to commence.

On October 17, Plaintiffs filed a Motion to Compel Discovery, seeking answers to numerous Interrogatories and Requests for Admission as well as permission to inspect documents and to depose a corporate witness. (See ECF No. 20.) Plaintiffs set the matter for a hearing on November 14, and the parties timely filed a joint statement. (Id.) However, the undersigned finds other pending matters in this case would make resolution of the instant dispute unwarranted

1

at this time.

First, the undersigned notes that some of Plaintiffs' discovery requests are directly related to their subclass B claims, brought under Cal. Lab. Code § 923 and Cal. Bus. Code. § 17200. (ECF No. 19 at pp. 13–15.) However, the viability of these claims is currently subject to a motion for partial judgment on the pleadings, filed by Defendant on October 24. (ECF No. 21.) This motion is substantially similar to the one filed by Defendant in February, which Judge England granted on September 30, 2019. (ECF No. 18.) The undersigned makes no comment as to the merits of Defendant's motion, but notes that Judge England vacated the December 19 hearing and deemed the matter submitted after the briefing is completed. (ECF No. 23.) Thus, it seems unwarranted for the undersigned to rule on any discovery motions until after Judge England has ruled on Defendant's Rule 12(c) motion.

Second, the remainder of Plaintiffs' discovery requests appear related to the class claims regarding alleged violations of California's wage and hour laws. (See ECF No. 19 at pp. 9–13.) However, it appears from the parties' joint statement that these claims may be subject to the terms of a settlement in a similar case filed in the Northern District of California in 2017. (See ECF No. 31 at pp. 14–16.) On November 5, Defendant filed a motion to stay this case, and set the matter for a hearing on December 19, 2019, before District Judge England. (ECF No. 26.) Defendant asserts the Northern District settlement will not only affect the class claims in this case, but may in fact affect the named Plaintiffs' individual wage and hour claims. (See ECF No. 31). Judge England also vacated the hearing on the motion to stay and ordered the matter submitted on the papers after all briefs are filed. (ECF No. 30.) The outcome of Judge England's order directly affects the scope of Plaintiffs' discovery requests, which include requests for class members' information and the scope of Defendant's policies regarding the wage and hour claims. (See ECF No. 31.) Again, in the interests of judicial economy, the undersigned will not rule on the merits of Plaintiffs' requests until Judge England has ruled on the motion to stay.

For these reasons, Plaintiffs' motion to compel discovery is denied without prejudice. (ECF No. 20.) After Judge England has issued the order resolving Defendant's 12(c) motion and its motion to stay (ECF Nos. 21, 26), Plaintiffs may refile their motion to compel discovery,

2

appropriately altering it to conform to the law of the case as dictated by Judge England's orders.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiffs' Motion to Compel Discovery and Motion for Sanctions (ECF No. 20) is DENIED WITHOUT PREJUDICE;
2. The hearing on Plaintiffs' motion, currently set for November 14, 2019 (see ECF No. 20) is VACATED; and
3. Should Plaintiffs wish to refile the motion to compel, they may do so after Judge England has resolved Defendant's currently pending motions (see ECF Nos. 21, 26).

Dated: November 13, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE