UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LEONARD, MEL MENDIETA, on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX FREIGHT, INC., and Does 1 through 50 inclusive,<br><br>Defendants. | No. 2:19-cv-00042-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs Sean Leonard and Mel Mendieta ("Plaintiffs"), on behalf of themselves and all others similarly situated, assert several causes of action against Defendant FedEx Freight, Inc. ("Defendant") for alleged violations of the California Labor Code, Industrial Welfare Commission Wage Order, and California Business and Professions Code §§ 17200 *et seq*. Presently before the Court are Defendant's Motion to Stay this case pending final approval and administration of a settlement in Theodore A. Emetoh v. FedEx Freight, Inc., N.D. Cal. Case No. 4:17-cv-07272-YGR ("Emetoh"), ECF No. 26, and it's Second Motion for Partial Judgment on the Pleadings ("MJOP"), ECF No. 21.

///

///

1

For the following reasons, the Motion to Stay is GRANTED and the MJOP is DENIED without prejudice to refiling once the stay is lifted.[1]

**ANALYSIS**

Plaintiffs are employed as drivers at Defendant's Stockton terminal and seek to represent the following sub-classes of employees: (1) Subclass A comprises "all drivers employed by Defendant in California during the four years preceding the filing of this complaint to the present"; and (2) Subclass B comprises "the drivers who formed a bargaining unit at [Defendant's] Stockton location in 2015." First Am. Compl., ECF No. 19, at 7. According to Plaintiffs, the schedules fixed by Defendant's management prevented putative class members from taking required rest and meal breaks. Indeed, at many customer locations there are purportedly no places for the drivers to stop, eat, or use restroom facilities. Moreover, drivers could not take breaks in any event because they are required to stay in their vehicles and prohibited from leaving those vehicles unattended. Plaintiffs consequently pursue claims here for violations of various California wage and hour laws. They also assert additional claims for retaliation based on their involvement with a labor organization.

The Emetoh action was filed well before this one, and the plaintiff in that case pursues claims overlapping those brought here. More specifically, the plaintiff also seeks to represent various classes of Defendant's truck drivers in pursuit of California wage and hour claims,[2] and the court in that action has now preliminarily approved a class action settlement. Given the similarity between that case and this one and between the relative classes of employees, Defendant seeks to stay this action pending final approval of Emetoh. Defendant's argument is well taken.

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] No retaliation claim is asserted in Emetoh.

1 | "[W]hen duplicative actions are filed in courts of concurrent jurisdiction, the court
2 | 'which first acquired jurisdiction generally should proceed with the litigation.'" Horne v.
3 | Nissan North America, Inc., Case No. 17-cv-00436-MCE-DB, 2018 WL 746467, at *3
4 | (E.D. Cal. Feb. 6, 2018) (quoting Negrete v. Petsmart, Inc., 2013 WL 4853995, at *2
5 | (E.D. Cal. Sep. 10, 2013)). "The second-filed district court may, in its discretion, transfer,
6 | stay, or dismiss the case." Id. at *2.

This "first-to-file rule is discretionary and should be applied 'with a view to the dictates of sound judicial administration.'" Id. (quoting Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1161 (9th Cir. 2011)). "Strict identity between the parties and the issues of the two actions in question is not required, but rather only 'substantial similarity.'" Id. (quoting Negrete, 2013 WL 4853995, *2–3).

In this instance, both the parties and the claims are substantially similar. In fact, the Defendant is identical in each action, and although the named Plaintiffs differ, the proposed classes largely overlap, which further supports Defendant's arguments. See Adoma v. Univ. of Phoenix, Inc., 711 F. Supp. 2d 1142, 1147 (E.D. Cal. May 3, 2010) (finding that courts should consider class similarity rather than just similarity of named plaintiffs); see also Horne, 2018 WL 746467 at *3 (citing Medlock v. HMS Host USA, Inc., 2010 WL 5323990 (E.D. Cal. Dec. 16, 2010)).

The parties' various claims are also sufficiently similar to justify staying the current action. Although Plaintiffs make much of the fact that they pursue retaliation claims unique to this action and that the classes are not precisely the same, it still remains that the bulk of the causes of action in this case are subject to the settlement in Emetoh. Given the foregoing similarities, the more advanced stage of the Emetoh litigation which should necessitate only a relatively short stay, and the fact that this Court is severely impacted by a formidable case load and a decreasing number of judges, this Court finds that judicial economy strongly favors a stay here. Accordingly, Defendant's Motion to Stay is GRANTED.

///

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Stay (ECF No. 26) is GRANTED and Defendant's Motion for Judgment on the Pleadings (ECF No. 21) is DENIED without prejudice to renewal when the stay is lifted.  The parties are also directed to file a Joint Status Report not later than sixty (60) days following the date this Order is electronically filed, and every sixty (60) days thereafter, until the stay is lifted.

IT IS SO ORDERED.

DATED: March 23, 2020

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE