UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LEONARD, MEL MENDIETA, on behalf of themselves, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX FREIGHT, INC. and Does 1 through 50, inclusive, <br><br> Defendants. | No. 2:19-cv-00042-MCE-KJN <br><br><br> **ORDER** |

By way of this action, Plaintiffs Sean Leonard and Mel Mendieta (collectively "Plaintiffs") seek to recover from Defendant FedEx Freight, Inc. ("Defendant") for violations of California's wage and hour laws and for retaliation. Presently before the Court is Defendant's Motion to Renew Second Motion for Partial Judgment on the Pleadings ("Renewed Motion") (ECF No. 56), which seeks to dismiss Plaintiffs' union-retaliation claims on the basis that this Court lacks subject matter jurisdiction over those causes of action because they are preempted by the exclusive jurisdiction of the National Labor Relations Board ("NLRB").[1] See San Diego Unions v. Garmon, 359 U.S. 236, 245, 79 S. Ct. 773, 3 L. Ed. 2d 775 (1959). Defendant's original Motion for

---

[1] Although the present Motion is captioned as a "Motion to Renew," the Court construes it as a Renewed Motion for Partial Judgment on the Pleadings and will address it on the merits.

Judgment on the Pleadings ("Original Motion") was previously granted in September 2019.  ECF No. 18.  Plaintiffs thereafter filed a First Amended Complaint ("FAC"), and Defendant filed a Second Motion for Partial Judgment on the Pleadings ("Second Motion").  ECF Nos. 19, 21.  The Court subsequently stayed this action and denied Defendant's Second Motion without prejudice to renewal once the stay was lifted.  ECF No. 40.  Defendant's Renewed Motion, which is now properly before the Court, is GRANTED.[2]

      Because Plaintiffs' FAC is materially the same as their original Complaint, the issues raised in this Renewed Motion also directly track those the Court adjudicated in connection with Defendant's Original Motion.  Accordingly, that decision is incorporated by reference here in its entirety.  See ECF No. 18.  Defendant's Renewed Motion is GRANTED for the reasons previously set forth therein.  Plaintiffs' new arguments against preemption are also unpersuasive.

      First, the Court disagrees with Plaintiffs' contention that their claims fall outside the purview of the NLRB's jurisdiction "because the Board already determined the challenged conduct does not implicate section 8 of the [National Labor Relations Act ("NLRA" or "the Act"), 29 U.S.C. § 151 et seq.]"  Pls.' Opp., ECF No. 59, at 15 (emphasis omitted).  According to Plaintiffs, the NLRB dispositively determined that "[Defendant's] conduct in failing to provide wage increases . . . did not give rise to an unfair labor practice . . . ."  Id. at 16.  However, this mischaracterizes the NLRB's decision.

      The NLRB did not issue a decision saying Defendant's challenged conduct "fell outside" of the NLRA.  Rather, it determined that "[t]he evidence <u>failed to establish</u> that [Defendant] violated the [NLRA] by refusing to issue an annual wage increase to bargaining unit employees."  Workman Decl., ECF No. 59-2, Ex. C (emphasis added).  The NLRB reasoned that the wage increase was lawful because, among other things, "there [was] no substantial evidence of antiunion animus."  Id.  Accordingly, the NLRB

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

did not conclude that Plaintiffs <u>could not</u> have proven the NLRA was violated, but only that they <u>did not</u> prove as much in this case. The decision issued by the NLRB thus does not change the Court's prior analysis.

Second, Plaintiffs' reliance on the fact that their state claims do not, on their face, require a showing of anti-union animus misses the mark. This argument turns on Plaintiffs' premise that "[a]nti-union animus . . . is not an element of [their] cause of action under [California Labor Code § 923]." <u>Id.</u> at 19 (emphasis omitted). The problem with Plaintiffs' logic, however, is that although section 923 does not specifically require a showing of anti-union animus, Plaintiffs have to show such animus to prove why they were allegedly retaliated against in this particular case. Stated another way, although section 923 permits a party to pursue a retaliation claim on any number of bases, the foundation for Plaintiffs' actual retaliation claim is anti-union animus. Accordingly, for the Court to find for Plaintiffs on their retaliation claims here, it would have to find that Defendant retaliated against Plaintiffs for their decision to have the union act as their representative, which would, of course, directly contravene the NLRB's decision that Plaintiffs failed to show such anti-union animus in that forum. "This is precisely the kind of conflict that <u>Garmon</u> is intended to prevent." Def.'s Reply, ECF No. 60, at 1.[3]

For the reasons set forth above, Defendant's Renewed Motion for Judgment on the Pleadings (ECF No. 56) is GRANTED. The Court hereby DISMISSES without leave to amend Plaintiffs' retaliation claims as set forth in their Fifth and Sixth Causes of Action.

IT IS SO ORDERED.

Dated: April 18, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] A decision to the contrary would validate a strategy by which parties could purposefully circumvent NLRB jurisdiction in order to pursue claims in state court. So long as Plaintiffs put forth insufficient facts before the NLRB to establish a claim for anti-union retaliation, they could then point to that evidentiary failure there to avoid preemption arguments before then putting forth a more robust case in state or federal court to prove essentially the same anti-union retaliation claims.